**Matter of Abraham M. LIEBLING, Bankrupt.**

**Abraham M. LIEBLING, Appellant,**

**v.**

**Nathan YORKE, Trustee, et al., Appellees.**

**No. 12565.**

United States Court of Appeals Seventh Circuit.

July 2, 1959.

Rehearing Denied Aug. 26, 1959.

---

Harry Becker, Chicago, Ill., for appellant.

Louis A. Kohn, Edward R. Lev, Chicago, Ill., Alfred B. Teton, Chicago, Ill., Mayer, Friedlich, Spiess, Tierney, Brown & Platt, Chicago, Ill., of counsel, for appellees.

Before DUFFY, Chief Judge, and HASTINGS and KNOCH, Circuit Judges.

DUFFY, Chief Judge.

This is a proceeding in bankruptcy. The Trustee instituted turnover proceedings to obtain the cash surrender value of several life insurance policies under which bankrupt is the insured, and his wife, Fay Liebling, is the beneficiary. We are here concerned with only one policy which was issued by the John Hancock Life Insurance Company. This policy has a cash surrender value of approximately $2,500.

After a hearing, the Referee denied the claimed exemption and ordered a turnover of the cash surrender value. The Referee also made a finding that the bankrupt sought in his schedule to create the impression that the insurance policies were valueless, and by his conduct waived his right to amend his exemption schedule.

On review, the District Court reversed the Referee as to the last mentioned finding, holding there was no waiver by bankrupt of his request for exemptions. However, the Court denied an exemption to bankrupt on the ground that one of the debts of the bankrupt was incurred before the effective date of the 1937 insurance code of Illinois.

The proof disclosed that on March 13, 1931, bankrupt signed a written guarantee for the payment of a promissory note which was secured by a mortgage. Foreclosure proceedings were later instituted. On August 29, 1939, a deficiency decree was entered against bankrupt in the amount of $31,968.54. This judgment was later sued on and a new judgment against defendant was entered on March 15, 1956, in the amount of $53,080.50.

This judgment was scheduled by bankrupt as a dischargeable debt.

■ Bankrupt asserts error in that after the Referee's hearing was closed, the Referee permitted the hearing to be reopened and the Trustee was permitted to offer proof by certain documents as to the date when a scheduled debt was incurred. We think this was a matter within the discretion of the Referee and deny the claim of error.

■ We agree with the District Court that bankrupt's conduct was not such that he waived his request for exemptions.

Section 6 of the Bankruptcy Act (11 U.S.C.A. § 24) grants the exemption rights prescribed by state laws "in force at the time of the filing of the petition." The petition herein was filed June 7, 1957. Bankrupt relies on the Illinois Married Woman's Act of 1869. Callaghan's Ill.Stats.Annotated, 1924 Ed., Chap. 73, Sec. 342, Ill.Rev.Stat.1935, c. 73, § 231.

The pertinent part of the 1869 Act reads: "It shall be lawful for any married woman, by herself and in her own name, * * * to cause to be insured, for her sole use, the life of her husband, for any definite period or for the term of his natural life; and in case of her surviving such period or term, the sum or net amount of the insurance becoming due and payable by the terms of the insurance, shall be payable to her, to and for her own use, free from the claims of the representatives of the husband or of any of his creditors * * *."

■ The Illinois Insurance Code of 1937 is unavailable to bankrupt. Chap. 73, Ill.Rev.Stat. (1957), Sec. 850, effective June 29, 1937, exempts all insurance proceeds payable because of the death of the insured, and the aggregate net cash value of policies payable to certain persons "for the debts or liabilities of the insured incurred subsequent to the effective date" of the Code.

Under Illinois law, the bankrupt's liability was incurred on March 13, 1931,

the date he signed the guarantee agreement. Illinois holds that liability is incurred on the date of the act which gives rise to the cause of action. Fidelity Coal Co. v. Diamond, 310 Ill.App. 387, 34 N.E.2d 123.

■ The District Court held that the Act of 1869 was repealed by the enactment of the Illinois Insurance Code of 1937, and the bankrupt had no accrued or established rights thereunder. However, bankrupt argues that his rights are preserved by two saving clauses, to-wit: Sec. 1061 of Chap. 73, and Sec. 4 of Chap. 131. The pertinent portion of Sec. 1061 is "The repeal of a law by this Code shall not affect any right accrued or established * * * under the provisions of such law, prior to the repeal thereof." The pertinent part of Sec. 4 is "No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any * * * right accrued, or claim arising under the former law, * * *."

The act of 1869 was passed to abolish the legal technicalities which at that time attached to married women. The language of the section hereinbefore quoted indicates quite clearly that cash surrender values of policies were not in contemplation. The language used was " * * and in case of her surviving such period or term, the sum or net amount of the insurance becoming due and payable * * *" [to her]. The bankrupt's policy was not due or payable so as to qualify under the Act.

Perhaps a more compelling reason is that in 1869 cash surrender values in life insurance policies were unknown. In Ehrhart v. New York Life Insurance Company, D.C.S.D.Ill., 1929, 45 F.2d 804, the Court held that the cash surrender portion of the proceeds of a policy of which the wife was the beneficiary was not exempt under the Act of 1869, pointing out that policies with such provisions were unknown at that time.

A bankrupt has the burden of proving his right to an exemption. We think the

District Court was correct in holding that bankrupt is not entitled to the cash surrender value of the policy in question as an exemption under Illinois law.

Affirmed.